**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

| | |
|---|---|
| **KENNETH L. BIERY** | **CASE NO. 10-23338** |
| **SANDRA K. BIERY** | |
| **DEBTORS** | |

| | |
|---|---|
| **KENNETH L. BIERY and SANDRA K. BIERY** | **PLAINTIFFS** |
| **V.** | **ADV. CASE NO. 13-2005** |
| **BENEFICIAL KENTUCKY, INC. and HSBC MORTGAGE SERVICES, INC.** | **DEFENDANTS** |

**MEMORANDUM OPINION**

Before the Court is the Plaintiff-Debtors' motion for class certification and pre-certification discovery [Doc. 7]. In this adversary proceeding, Debtors seek contempt sanctions, both compensatory and punitive, statutory damages, and injunctive and declaratory relief for themselves and a similarly situated class of debtors for alleged violations of the discharge injunction. In this Circuit, contempt sanctions are the only remedy for violations of the discharge injunction. Hence, the Debtors' requests for statutory damages and injunctive relief are dismissed for failure to state claims. As to Debtors' claims for contempt, in this District, contempt sanctions may only be sought by a motion in the main case, not an adversary proceeding. Debtors suggest revisiting our precedent to that effect, arguing that it elevates form over substance. But the distinction between adversary proceedings and contested matters makes a substantive difference – especially in the class-action context. Therefore, the Court dismisses Debtors' contempt claims, and with them, the entirety of Debtors' complaint.

**Facts and Procedural History**

On December 22, 2010, Debtors filed a voluntary petition for bankruptcy relief under chapter 7. Debtors listed their debt to Defendant Beneficial Kentucky, Inc. ("Beneficial"). as a secured claim in their petition. On May 3, 2011, a discharge was entered in Debtors' case. On

February 13, 2013, Debtors made a motion to reopen their case, which was granted, for the purpose of filing this adversary proceeding. The complaint alleged violations of the discharge injunction and sought to represent a class of similarly situated debtors. No answer to Debtors' complaint was filed, but rather than move for default judgment, the Debtors instead moved for class certification and precertification discovery.

In their complaint, Debtors allege that after their discharge was entered, Beneficial and Defendant HSBC Mortgage Services, Inc. ("HSBC") made repeated efforts to collect the discharged debt. Further, Debtors allege that Defendants have made similar efforts to collect discharged debts from other chapter 7 debtors, both within and without this District. For these violations of their discharge injunction and those of other debtors, Debtors seek the following: (a) actual damages, punitive damages, and attorney fees for violations of the discharge injunction, (b) actual damages, sanctions, punitive damages, attorneys' fees and costs for Defendants' contempt of the Debtors' and others' discharge injunctions, (c) a declaratory judgment that Defendants' collection practices violate the discharge injunction, (d) an injunction enjoining Defendants from continued violations of the discharge injunction, (e) statutory damages for Defendants' violations of the discharge injunction, and (f) attorneys' fees under Sections 105 and 524 of the Code.

## Analysis

Plaintiffs have moved for class certification, but are really seeking precertification discovery in order to gather evidence showing that they satisfy the class certification requirements of Rule 7023. Precertification discovery is granted liberally, but a court may deny class certification without granting precertification discovery if a plaintiff's claims are legally insufficient. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Moreover, the failure of the Defendants to answer Debtors' complaint is no obstacle to this Court probing the legal sufficiency of Debtors' claims. Had Debtors moved for default judgment,

this Court could not grant it if Debtors' claims were legally insufficient; "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Accordingly, the Court requested supplemental briefing on whether Debtors' claims could be brought in an adversary proceeding. That supplemental briefing having been tendered [Doc. 10], the Court now takes up the legal sufficiency of the several counts of Debtors' complaint.

    A. Count I – Willful Violations of the Discharge Injunction of 11 U.S.C. § 524

Count I of Debtors' complaint seeks actual damages for violations of the discharge injunction. In addition, it seeks punitive damages and attorneys' fees under § 105 of the Code. The Sixth Circuit has held that there is no private cause of action under § 524. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000). The appropriate remedy, the court held, was contempt sanctions. *Id.* at 421. Count I of Debtors' complaint pleads a cause of action under § 524 itself. This is all the more clear given that Count II of Debtors' complaint seeks contempt sanctions for Defendants' alleged violations of the discharge injunction. Accordingly, Count I of Debtors' complaint shall be dismissed.

    B. Count II – Contempt, Abuse of Process, and Relief Pursuant to 11 U.S.C. § 105(a)

Count II of the complaint seeks contempt sanctions of various kinds for violations of the discharge injunction. Unlike Debtors' claim under § 524, contempt sanctions are an appropriate remedy for violations of the discharge. But this adversary proceeding is not an appropriate means by which to seek that remedy.

As discussed above, in this Circuit the only remedy for violations of the discharge injunction is contempt; there is no private cause of action for violations of the discharge. This Court has held that this means contempt proceedings for violations of the discharge injunction may only be brought by motion in the main case. *See In re Frambes*, 454 B.R. 437 (Bankr. E.D. Ky. 2011). In *Frambes*, this Court reasoned that allowing debtors to bring their contempt claims in an adversary proceeding would in effect "allow a private right of action" for violations of the

3

discharge injunction that the Sixth Circuit has held does not exist. *Id.* at 441. Since this Court decided *Frambes*, it has been followed by numerous courts,[1] and reaffirmed by this Court.[2]

At the hearing on Debtors' motion for precertification discovery, the Court requested Debtors to supplementally brief *Frambes*' effect on this adversary proceeding  In their supplemental memorandum, Debtors suggest that the Court revisit *Frambes*, noting that other "courts routinely hear contempt actions brought as adversary proceedings." Doc. 10 at 5. Debtors particularly rely on *In re Motichko*, 395 B.R. 25 (Bankr. N.D. Ohio 2008), which declined to dismiss contempt claims in an adversary proceeding on the ground that to do so "would . . . elevate form over substance." *Id.* at 33. The Court does not agree that the line between adversary proceedings and contested matters is a formal distinction without a substantive difference–particularly in the unique circumstances of this case.

First, as numerous courts have recognized, the distinction between an adversary proceeding for contempt and a contempt motion "is more than just nomenclature." *In re Lohmeyer*, 365 B.R. 746, 749 n.2 (Bankr. N.D. Ohio 2007). Different types of damages may be available, different burdens of proof apply, and different standards of review govern on appeal. *See id; see also Barrientos v. Wells Fargo Bank Nat. Ass'n*, No. 08cv463, 2009 WL 1438152 at *5 (S.D. Cal. May 20, 2009), aff'd 633 F.3d 1186 (9th Cir. 2011) ("This Court's conclusion is more than form over substance"); *In re Whitaker*, 2013 WL 2467932 at *6 ("the issue is more than a question of form").

Second, as one court recently noted in an adversary proceeding bringing class claims for contemptuous violations of the discharge injunction, the distinction makes a particular difference in the class action context. *See In re Marshall*, 491 B.R. at 237 (noting the "substantive effects of ignoring the dichotomy between a contested matter and an adversary

---

[1] *See, e.g. In re Marshall*, 491 B.R. 217 (Bankr. S.D. Ohio 2012); *In re Stevens*, No. 11-1049, 2011 WL 6812807 (Bankr. E.D. Tenn. Dec. 28, 2011); *In re Whitaker*, No. 13-5008, 2013 WL 2467932 (Bankr. E.D. Tenn. June 7, 2013).
[2] *See In re Haney*, No. 11-7024, 2011 WL 6000886 (Bankr. E.D. Ky. 2011).

proceeding . . . particularly where a complaint alleges [class] claims"). This is so for two reasons.

First, whereas Rule 7023 provides that Rule 23 of the Federal Rules of Civil Procedure – the Federal Rules' class-action rule – applies in adversary proceedings, whether Rule 23 applies in contested matters is a matter for the bankruptcy court's discretion. Rule 9014 gives this Court the discretion to invoke Rule 7023, and thereby Federal Rule 23, in a contested matter. *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1469-70 (6th Cir. 1989); *Marshall*, 491 B.R. at 237 n.18. But it also gives this Court the discretion not to, and bankruptcy courts routinely exercise their discretion not to invoke Rule 7023 in contested matters before even deciding whether its certification requirements have been satisfied. *See, e.g.*, *In re Bally Total Fitness of Greater N.Y., Inc.*, 411 B.R. 142 (S.D.N.Y. 2009); *In re Entergy New Orleans, Inc.*, 353 B.R. 474 (Bankr. E.D. La. 2006). Hence, whether Debtors file an adversary proceeding or a contempt motion controls whether the applicability of Federal Rule 23 to their claims will be mandatory or highly discretionary.

Second, it is uncertain that Debtors' class claims can proceed under the auspices of a contempt motion filed within their main case. While the Court does not decide this issue today, the Court cannot ignore that the differences between adversary proceedings and contested matters may well make a decisive substantive difference in this case. In short, the differences between adversary proceedings for contempt and contempt motions are substantive, especially in the class-action context. The Court reaffirms *Frambes* and shall dismiss Count II of Debtors' complaint from this adversary proceeding without prejudice to the Debtors' right to reassert their claims in a contested matter.

C. Count III – Request for Declaratory Relief

Count III of Debtors' complaint seeks a declaratory judgment that Defendants' conduct violates the discharge injunction. In essence, however, what Debtors seek is a declaration that Defendants are in contempt of a court order. That determination, as we held in *Frambes* and as

explained above, cannot be made in an adversary proceeding. Therefore, Count III of Debtors' complaint shall be dismissed.

    D.  Count IV – Request for Injunctive Relief

Count IV of Debtors' complaint seeks an injunction enjoining Defendants from continued violations of the discharge injunction. This claim fails because Debtors in effect seek an injunction they already have – the discharge injunction. As the Ninth Circuit held of an identical attempt to seek injunctive relief for violations of the discharge injunction, "[a]n injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief." *Barrientos*, 633 F.3d at 1190. "An adversary proceeding is not necessary where the relief sought is the enforcement of an order previously obtained." *Solow v. Kalikow*, 602 F.3d 82, 93 (2d Cir. 2010) (quoting *In re WorldCorp, Inc.*, 252 B.R. 890, 895 (Bankr. D. Del. 2000)) (alteration omitted). This count, therefore, shall be dismissed.

    E.  Counts V and VI – Actual, Punitive, and Statutory Damages and Attorney's Fees

Count V of Debtors' complaint seeks "all available statutory penalties, sanctions, and punitive damages," Doc. 3 at 15, ¶ 77, in addition to actual damages, for Defendants' alleged violations of the discharge injunction. Count VI of Debtors' complaint seeks attorneys' fees incurred as a result of Defendants' conduct. To the extent Debtors seek damages and attorneys' fees for violations of the discharge injunction, there is no cause of action for violations of the discharge injunction, and hence, no statutory damages for such violations. To the extent Debtors seek damages and attorneys' fees for Defendants' contempt, they may only be awarded as sanctions for contempt–a claim which may not be brought in this adversary proceeding. Counts V and VI of the complaint shall be dismissed.

## Conclusion

Debtors' complaint is dismissed for the reasons stated above. A separate order in conformity herewith shall be entered.

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, August 29, 2013
(tnw)**